E-FILED
Monday, 14 February, 2005 02:54:08 PM
Clerk, U.S. District Court, ILCD

FILED
FEB 1 4 2005
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ALFREDO CERVANTES MONTES,<br>   Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>   Respondent. | §<br>§<br>§ Criminal NO. 03-CR-10005-02<br>§<br>§<br>§<br>§<br>§<br>§ |

**PETITIONER'S SENTENCE EXCEEDS THAT CONSTITUTIONALLY ALLOWED FOR HIS CRIME: AND A MAJORITY OF THE SENTENCE IS PROHIBITED BY THE FIFTH AND SIXTH AMENDMENTS AND ARTICLE III, §2, CLAUSE 3, OF THE CONSTITUTION OF THE UNITED STATES. THEREFORE, PETITIONER REQUEST THE COURT TO VACATE THE ILLEGAL PORTION OF HIS SENTENCE**

<u>A PALPABLE CONSTITUTIONAL DEFECT OCCURRED AT PETITIONER'S SENTENCING</u>

At Petitioner's <u>April 14, 2004</u> sentencing, a palpable defect occurred by which the judge was misled concerning the judge's authority to adjudge facts and crimes not charged in the indictment, never found beyond a reasonable doubt by a jury, and never admitted by Petitioner, but that were charged in the Government's Presentence Investigation Report. Had the sentencing judge been aware of the distinguishing constitutional authority raised in this instant motion prior to the judge's earlier decisions at the sentencing of Petitioner, the judge would have found that: (1) The Sentencing Guidelines Enhancements used by the judge to determine and to **increase** Petitioner's time in prison conflicted with the Fifth and Sixth Amendments and Article III, §2, Clause 3 of the Constitution; and (2) The Fifth and Sixth Amendments and Article III, §2, Clause 3, and Article VI, Clauses 2 and 3, of our Constitution **PROHIBITED**

1

the judge to adjudge and to find Petitioner guilty of the facts and crimes alleged in the Government's Presentence Investigation Report, which said facts and crimes had not been charged in the indictment, never found beyond a reasonable doubt by a jury, and never admitted by Petitioner. And, **PROHIBITED** the judge to use those facts and offenses to increase Petitioner's sentence. This is a palpable constitutional defect in Petitioner's punishment, which the Constitution demands to be corrected. Correcting the defect will resualt in a different adjudication of Petitioner's sentence.

### A PORTION OF PETITIONER'S SENTENCE IS CONSTITUTIONALLY INVALID

The first __9__ months of Petitioner's __38__ month sentence punished him for the crime(s) that were charged in the indictment and found beyond a reasonable doubt by a jury or admitted in open court by him. But the sentencing judge added another __29__ months to Petitioner's time in prison based on facts and crimes not charged in the indictment, never found beyond a reasonable doubt by a jury and never admitted by Petitioner in open court. But, that were alleged in the Government's Presentence Investigation Report, which the judge determined and adjudged that Petitioner probably committed, thus, guilty of said offenses. The judge added __29__ months to Petitioner's time in prison solely on crimes that were never charged in the indictment, never found beyond a reasonable doubt by a jury and never admitted in open court by Petitioner.

The sentencing judge's adjudication of the facts and crimes alleged by the Government in it's Presentence Investigation

2

Report offends the Fifth and Sixth Amendments and Article III, §2, Clause 3 of the Constitution for the United States. These Constitutional protections were guaranteed to Petitioner at the time of his sentencing. Yet, the judge deprived Petitioner of these guaranteed protections.

### BECAUSE PETITIONER'S SENTENCING PROCEDURE DID NOT COMPLY WITH THE FIFTH AND SIXTH AMENDMENTS AND ARTICLE III, §2, CLAUSE 3 OF OUR CONSTITUTION A LARGE PORTION OF PETITIONER'S SENTENCE IS CONSTITUTIONALLY INVALID

Petitioner's case and this instant motion is about the Fifth and Sixth Amendments (1791) and Article III, §2, Clause 3, and Article VI, Clauses 2 and 3 of the United States Constitution (1788), and it's guaranteed protections to Petitioner at his sentencing.

Since 1791, the Fifth Amendment has guaranteed every citizen that the Government's "indictment must contain an allegation of every **fact** which is essential to the punishment to be inflicted." Fifth Amendment; U.S. v. Reese, 92 U.S. 214, 232-233 (1876); **1 J. Bishop, Criminal Procedure, ch. 6, pp. 50-56, and §87, p. 55 (2nd Ed. 1882)**; Jones v. U.S., 526 U.S. 227 at n. 6 (1999); Apprendi v. New Jersey, 530 U.S. 466 at n. 15 (2000).

At his sentencing, Petitioner was denied this Fifth Amendment Constitutional guaranteed right.

Since 1788, Article III, §2, Clause 3 and the Sixth Amendment has guaranteed all defendants a right to a jury trial on all crimes alleged by the Federal Government. See Article III, §2, Clause 3; Sixth Amednemnt; Singer v. U.S., 380 U.S. 24, 31 (1965); Sullivan v. Louisiana, 124 L.Ed.2d 182, 187-188

3

(1993); Duncan v. Louisiana, 391 U.S. 145, 151-154 (1968); Argersinger v. Hamlin, 407 U.S. 24, 29-31 (1979); Apprendi, 530 U.S. 466 at n. 11. The Trial by Jury Clause of the Constitution was clearly intended to protect the accused from oppression by the Government. Singer, 380 U.S. at 31; Argersinger, 407 U.S. at 29; Duncan, 391 U.S. at 156; **III Farrand, Records of the Federal Convention 101 (James Wilson), 221-222 (Luther Martin), (1911)**. The Framers belived that the Constitution designated trial by jury as the [exclusive] method of determining guilt. See **The Federalist, No. 83 (Alexander Hamilton) (Cooke ed. 1961)**; Singer, 380 U.S. at 31. The Supreme Court expressed a view that the Constitution made jury trial the [exclusive] method of determining facts and guilt in all federal criminal cases. See Singer, 380 U.S. at 31-32, 35; Thompson v. Utah, 170 U.S. 343; Patteon v. U.S., 281 U.S. 267, 312; Bollenbach, v. U.S., 326 U.S. 607, 614 (1946).

At Petitioner's sentencing, he was deprived of this Constitutional guaranteed protection.

Since 1791, the Fifth Amendment has protected the accused against conviction except upon **proof beyond a reasonable doubt** of every fact necessary to constitute the crime with which he is charged. See Fifth Amendment; Re Winship, 397 U.S. 358, 361-364 (1970); Hankerson v. North Carolina, 432 U.S. 233, 239-242 (1977); Speiser v. Randall, 357 U.S. 513, 525-526 (1958); Mullaney v. Wilber, 421 U.S. 684, 696 (1975); Jones, 526 U.S. at 252-253; Apprendi, 530 U.S. at 482.

"Due Process commands that no man shall lose his liberty unless the Government has borne the burden of . . . convincing

4

the factfinder of his guilt." To this end, the reasonable-doubt standard is indispensable, for it "impresses on the trier of fact the necessity of reaching a subjective state of certitude of the facts in issue." Hankerson, 432 U.S. at 241; Speiser, 357 U.S. at 526; Jones, 526 U.S. at 252-253.

What the factfinder must determine to return a verdict of guilty is prescribed by the Due Process Clause. The prosecution bears the burden of proving all elements of the offense charged, and must persuade the factfinder **"beyond a reasonable doubt"** of the facts necessary to establish each of those elements. See Sullivan, 124 L.Ed.2d at 188; Winship, 397 U.S. at 361-365; Hankerson, 432 U.S. at 241; Speiser, 357 U.S. at 526; Jones, 526 U.S. at 252-253; Apprendi, 530 U.S. at 484; Ring v. Arizona, 536 U.S. 584, 602 (2002).

Expressions in many opinions by the Supreme Court, it has long been assumed that **proof of a criminal charge beyond a reasonable doubt is Constitutionally required.** See Miles v. U.S., 103 U.S. 304, 312 (1881); Davis v. U.S., 160 U.S. 469, 484, 488, 493 (1895); Holt v. U.S., 218 U.S. 245, 253 (1910); Wilson v. U.S., 232 U.S. 563, 569-570 (1914); Brineger v. U.S., 338 U.S. 160, 174 (1949); Leland v. Oregon, 343 U.S. 790, 785 (1952); Holland v. U.S., 348 U.S. 121, 138 (1954). Cf. Coffin v. U.S., 156 U.S. 432 (1895). Mr. Justice Frankurter stated that "[i]t is the duty of the Government to establish . . . guilt beyond a reasonable doubt. This notion-basic in our law and rightly one of the boasts of a free society-is a requirement and a safeguard of due process of law in the historic, procedural content of 'due process.'" Leland, 343 U.S. at 802-803. See

5

also Brineger, 338 U.S. at 174; Davis, 160 U.S. at 484, 488, 493; Winship, 397 U.S. at 361-364.

At Petitioner's sentencing he was deprived of this right guaranteed by the Constitution and Supreme Court law.

The largest portion of Petitioner's sentence rests on facts and offenses adjudged by the sentencing judge based on the judge's assumption that Petitioner probably committed the crimes alleged by the Government in it's Presentence Investigation Report.

Article III, §2, Clause 3, and the Fifth and Sixth Amendments both prohibited the judge to, and deprived the judge of authority to adjudge Petitioner guilty of any of the offenses alleged by the Government in it's Presentence Investigation Report, no matter how overwhelming the evidence. See Article III, §2, Clause 3, the Fifth and Sixth Amendments; Sullivan, 124 L.Ed.2d at 187-188, 190; Singer, 380 U.S. at 31-32, 35; Apprendi, 530 U.S. at n. 10; Jones, 256 U.S. at n. 8; Ballenbach, 326 U.S. at 614 (the Sixth Amendment requires . . . an actual jury finding of guilt).

The jury [exclusively] is the only constituted authority that may find facts and crimes and determining guilt of offenses alleged by the Government. Singer, 380 U.S. at 31-32, 35; Ring, 536 U.S. at 602; Thompson, 170 U.S. 343; Patton, 281 U.S. at 312; Sixth Amendment; Article III, §2, Clause 3 Of the United States Constitution. This principle that the jury were the judges of fact, and the judges the deciders of law was stated as an established principle as early as 1628 by **Coke**. See **1 E. Coke, Institutes of the Law of England 155 b (1628).** See

also <u>Jones</u>, 526 U.S. 227, at n. 8. The Sixth Amendment's guarantee that the jury were the judges of fact, and the [exclusive] authority to find defendants guilty was to ensure that the sentencing judge's authority to sentence derived wholly from the jury's verdict. Without these restrictions, the jury would not exercise the control that the **Framers intended.** <u>See</u> **John Adams, Diary Entry (Feb. 12, 1771); Letter XV by the Federal Framer (Jan. 18, 1788); Letter from Thomas Jefferson to the Abbe Arnoux (July 19, 1789).** Therefore, at Petitioner's sentencing the judge was Constitutionally **prohibited** to adjudge Petitioner guilty of facts and offenses alleged by the Government in it's Presentence Investigation Report, which was filed <u>after</u> the indictment was handed down by the grand jury, and <u>after</u> Petitioner had entered his guilty plea, or was found guilty by a jury. Thus, any portion of Petitioner's sentence resting on facts or offenses alleged in the Government's Presentence Investigation Report is illegal, prohibited by the Fifth and Sixth Amendments and Article III, §2, Clause 3 of the Constitution.

The only way a judge may determine facts and adjudge defendants guilty of offenses is if the defendant waives his [right] to a jury trial in writing, and both the government and the court approves the trial by judge, then the judge may determine a defendant guilty. <u>See</u> Rule 23, Fed.R.Crim.P. (2003).

Of course, with [competent] advice from a [competent] attorney, the defendant may, in open court, admit his guilt and enter a guilty plea to the charge in the indictment. However, the facts and crime admitted by the defendant constitutionally

7

sets the [limit] of his punishment. See Sixth Amendment of the Constitution.

In this instant case, the sentencing judge was PROHIBITED by the Fifth and Sixth Amendemnts and Article III, §2, Clause 3 and Article VI, Clauses 2 and 3 of our Constitution to adjudge the facts and crimes alleged by the Government in it's Presentence Investigation Report, and find Petitioner guilty of those facts and offenses. Further, the judge was PROHIBITED to use those Presentence Investigation Report allegation to increase Petitioner's time in prison.

### THE CONSTITUTION IS THE SUPREME LAW OF THE LAND AND ALL JUDGES SHALL SUPPORT SAID CONSTITUTION

At Petitioner's sentencing the Fifth and Sixth Amendments and Article III, §2, Clause 3, and Article VI, Clauses 2 and 3 of our Constitution was the supreme Law of the Land, and fully controlled over the Government's ideological Sentencing Guidelines Enhancements. Further, the Constitution controlled over any erroneous theory the judge might have had concerning his sentencing power to adjudge Petitioner guilty of the facts and crimes alleged by the Government in it's Presentence Investigation Report.

The Constitution is the supreme Law of the Land. See Article VI, Clause 2 of our Constitution; U.S. v. Germaine, 99 U.S. 508 (1878); Cooper v. Aaron, 358 U.S. 1, 17-19 (1958). And, all Senators, executive and judicial officers (including judges) of the United States (shall) are constitutionally mandated to support the Constitution. See Article VI, Clauses 2 and 3 of the Constitution; U.S. v. Lee, 106 U.S. 196, 220 (1882); Speiser,

8

v. Randall, 357 U.S. 513, 536 (1958); Cooper, 358 U.S. at 17-19. And, any laws enacted or passed by the Federal Government (including the Federal Sentencing Guidelines) shall be made in **PURSUANCE** of the Constitution and it's Amendments. See Article VI, Clause 2 of our Constitution.

At Petitioner's sentencing, the judge failed in his duty to support the Fifth and Sixth Amendments and Article III, §2, Clause 3, as demanded by Article VI of our Constitution. See also 28 U.S.C. §453. Therefore, Petitioner's sentence is Constitutionally infirm.

**SINCE NOVEMBER 1, 1987, THE GOVERNMENT'S SENTENCING JUDGES HAVE ACTED CONTRARY TO THE FIFTH AND SIXTH AMENDMENTS AND ARTICLE III, §2, CLAUSE 3, AND ARTICLE VI, CLAUSES 2 AND 3 OF OUR CONSTITUTION AND 28 U.S.C. §453.**

Commencing on November 1, 1987, the Federal Government with it's Presentence Investigation Reports (P.S.I.) have charged and punished defendants, including Petitioner, by facts and crimes not charged in the indictment, never found beyond a reasonable doubt by a jury, and not admitted in open court by the defendants, including Petitioner.

On November 1, 1987, the Government with it's **Federal Sentencing Guidelines Manual**, directed sentencing judges to adjudge defendants, including Petitioner, guilty of facts and crimes alleged by the Government in the P.S.I., and to use those P.S.I. facts and offenses to greatly increase those defendants' including Petitioner's time in prison. See **Federal Sentencing Guidelines Manual, and Petitioner's Presentence Investigation Report.**

9

The Government's P.S.I. reports are filed <u>after</u> the grand jury issues it's indictment, and <u>after</u> the defendants, including Petitioner, admitted his crime in open court, or <u>after</u> a jury found him guilty. The Government's P.S.I. reports charges facts and crimes that were not charged in the indictment, and that were not found by a jury, or admitted by the defendants, including Petitioner. And, the sentencing judge adjudges defendants, incliding Petitioner, guilty of those P.S.I. alleged offenses and greatly increases these defendants, including Petitioner's time in prison, based solely on the P.S.I. alleged crimes.

This Governemnt sentencing enhancement procedure offends the Fifth and Sixth Amendments and Article III, §2, Clause 3, and Article VI of our Constitution.

Therefore, from November 1, 1987 to June 24, 2004 (<u>Blakely v. Washington</u>), at the sentencing of defendants, including Petitioner, the Government's sentencing judges were exercising authority **erroneously** delegated to them by the Federal Government's **Sentencing Guidelines Manual.** This Manual directed judges to adjudge defendants including Petitioner, guilty of, and to punish them by facts and crimes not charged in the indictments, or found by a jury, or admitted by them, but that were charged in the Government's P.S.I. reports. And, to use the P.S.I. alleged crimes to add many years of imprisonment to these defendants' and Petitioner's sentence. <u>See</u> **Federal Sentencing Guidelines Manual and Petitioner's Presentence Investigation Report.**

This sentencing procedure deprived Petitioner of his Fifth and Sixth Amendment and Article III, §2, Clause 3 rights. And,

resulted in an extended sentence which was/is prohibited by the Constitution.

### SENTENCING JUDGES CANNOT EVIDE WHAT THE FIFTH AND SIXTH AMENDMENTS AND ARTICLE III, §2, CLAUSE 3 AND ARTICLE VI, CLAUSES 2 AND 3 OF OUR CONSTITUTION PROHIBITS

If a legislative cannot evade what the Bill of Rights and Article III, §2, Clause 3 and Article VI, Clauses 2 and 3 of our Constitution prohibits, neither it seems plain, can the Federal Government's judges. The Congress, Federal Sentencing Commission and judges are fully accountable to, and confined to the bounds of the Constitution which automatically revokes all laws enacted by Congress, and all rules and regulations created by the Federal Sentencing Commission in it's **Federal Sentencing Guidelines Manual,** that conflict in any way with the Constitution and it's Amendments. See Article VI of our Constitution; Germaine, 99 U.S. 508; Cooper, 358 U.S. at 17-19; Lee, 106 U.S. at 220; Speiser, 357 U.S. at 539. Therefore, at Petitioner's sentencing, the judge was acting without any authority, and violated the Fifth and Sixth Amendments and Article III, §2, Clause 3 and Article VI of our Constitution, when the judge used a sentencing procedure that conflicted with the Constitution to increase Petitioner's sentence beyond that authorized by the Sixth Amendment.

11

## BLAKELY v. WASHINGTON AND IT'S "PROGENIES" FULLY CLARIFIED THE SIXTH AMENDMENT'S PROTECTIONS AND GUARANTEES TO DEFENDANTS (PETITIONER) AT SENTENCING: AND CLARIFIED THE SIXTH AMENDMENT'S RESTRAINT ON JUDGES AT THE SENTENCING OF DEFENDANTS, INCLUDING PETITIONER

In Blakely v. Washington, 159 L.Ed.2d 403 (2004), the Supreme Court reafirmed the Sixth Amendment's protections to defendants at sentencing, The Supreme Court further affirmed that: (1) The Framers put the jury-trial guarantee in the Constitution because they were unwilling to trust the Government; (2) Any fact or crime that increased the penalty for a crime must be submitted to a jury, and proved beyond a reasonable doubt; (3) The maximum sentence a judge may impose is not the maximum a judge may impose after finding additional facts, but the maximum he may impose **without** any additional findings; (4) That when a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment," **1 J. Bishop, supra, §87, at 55,** and the judge exceeds his proper authority; and (5) that "every fact which is legally essential to the punishment" must be charged in the indictemt and proved to a jury **1 J. Bishop, supra, ch. 6, pp. 50-56.** Blakely, 159 L.Ed.2d at 412-420 and n. 5, 10 and 11. See also Blakely's "offsprings" such as U.S. v. Booker and U.S. v. Fanfan, heard by the Supreme Court on October 12, 2004; and U.S. v. Ameline, 376 F.3d 967, 973-976, 978 (9th Cir. 2004). Blakely and it's **progenies** support Petitioner's above and below argument.

Blakely v. Washington, 124 S.Ct. 2531 (2004) and it's **progenies** are merely **extentions** of Miles, 103 U.S. at 312; Davis, 160 U.S. at 484, 488, 493; Holt, 218 U.S. at 253; Wilson, 232 U.S. at 569-570; Brinegar, 338 U.S. at 174; Leland, 343 U.S. at 795, 802-803; Holland, 348 U.S. at 138; Speiser, 357 U.S. 525-526; Mullaney, 421 U.S. at 696; Singer, 380 U.S. at 31-32, 35; Duncan, 391 U.S. at 151-154; Argersinger, 407 U.S. at 29-31; Sullivan, 124 L.Ed.2d at 187-188; Re Winship, 397 U.S. at 361-365; Hankerson, 432 U.S. at 239-241; Jones, 526 U.S. at 252; Apprendi, 530 U.S. at 483-491, and n. 10, 11, and 15; Ring, 536 U.S. at 602. Further, Blakely and it's **progenies** such as Booker, Fanfan, and Ameline, are clarification of the protections and guarantees of the Sixth Amendment and Article III, §2, Clause 3, to defendants at sentencing. And, a clarification of the Sixth Amendment's and Article III, Clause 3's **restraint** on judge's limited authority at those sentencings procedures.

### AT SENTENCING, THE JUDGE, PROSECUTOR AND PETITIONER'S ATTORNEY DEPRIVED PETITIONER OF HIS FIFTH AND SIXTH AMENDMENT AND ARTICLE III, §2, CLAUSE 3 PROTECTIONS AND GUARANTEES THEREFROM

As set forth and established above, at Petitioner's sentencing, the judge, prosecutor and Petitioner's then attorney by their actions, failure to act and omissions, **deprived** Petitioner of Constitutional protections guaranteed him by the Fifth and Sixth Amendments and Article III, §2, Clause 3 and Article VI, Clauses 2 and 3 of our Constitution. Rights and protections that the judge, prosecutor and Petitioner's attorney knew, should have known, and had a duty to know. Rights and protections guaranteed

13

since 1791. Since 1791, the Fifth and Sixth Amendments and Article III, Clause 3 of our Constitution has **prohibited** the sentencing judge to determine facts and find defendants guilty of crimes and to punish defendants for those crimes when they had not been charged in the indictment, not found by a jury, and not admitted by the defendant. And, certainly, a judge is **prohibited** to adjudge facts and find defendants guilty of crimes that the Government alleges in it's Presentence Investigation Reports. The Sixth Amendment and Article III, §2, Clause 3 of our Constotution **deprives** judges the authority to make such finding of guilt and to punish defendants based on these offenses.

The Constitution **deprive** judges authority to use crimes alleged in the Government's Presentence Investigation Reports as the judge's grounds to add  29  months to Petitioner's time in prison. Therefore, the  29  month portion of Petitioner's sentence offends the Fifth and Sixth Amendments and Article III, §2, Clause 3, which the sentencing judge was constitutionally bound to support during the sentencing of Petitioner. See Article VI, Clauses 2 and 3 of our Constitution; Cooper, 358 U.S. at 17-19; Lee, 106 U.S. at 220; Speiser, 357 U.S. at 536; Germaine, 99 U.S. 508; 28 U.S.C. §453. Therefore,  29  months of Petitioner's sentence offends the Constitution, and is illegal; and the judge lacked authority (jurisdiction) to render.

### PETITIONER MAY CHALLENGE HIS ILLEGAL SENTENCE AT ANY TIME

Petitioner's punishment exceeds that which is constitutionally permissible for the crime he admitted in open court, or that was found beyond a reasonable doubt by a jury. Therefore, a portion

of his sentence is constitutionally invalid.

A sentence is illegal when it is greater than the permissible penalty for the crime. See U.S. v. Greatwalker, 285 F.3d 727, 729-730 (8th Cir. 2002); U.S. v. Slicer, 361 F.3d 1085, 1088 (8th Cir. 2004); U.S. v. Andis, 333 F.3d 886, 891-892 (8th Cir.), cert. denied, 124 S.Ct. 501 (2003); U.S. v. Vences, 169 F.3d 611, 613 (9th Cir. 1999).

As an illegal sentence, it could not have created a legitimate expectation of finality because they are subject to change. U.S. v. Rourke, 984 F.2d 1063, 1066 (10th Cir. 1992); Ward v. Williams, 240 F.3d 1238, 1243 (10th Cir. 2001). As a illegal sentence, Petitioner may challenge it at any time. Hill v. U.S., 368 U.S. 424, 430 (1962); U.S. v. Mack, 494 F.2d 1204, 1207 9th Cir.), cert. denied, 421 U.S. 916 (1974); Harris v. U.S., 149 F.3d 1304, 1308-1309 (11th Cir. 1998); Kelly v. U.S., 29 F.3d 1107, 1112-1114 (7th Cir. 1994). See also the First Amendment (Congress shall make no law respecting . . . or prohibiting . . . the right of the people . . . to petition the Government for redress of grievances); and Article 1, §9, Clause 2 (the privilege of the writ of habeas corpus shall not be suspended, . . . ). Constitution of the United States.

The imposition of an illegal sentence constitutes a miscarriage of justice. Slicer, 361 F.3d at 1088. See also Andis, 333 F.3d at 891-892, and therefore, may be challenged at this time. Hill, 368 U.S. at 430; Mack, 494 F.2d at 1207.

The sentencing judge plainly lacked authority (jurisdiction) to impose Petitioner's increased sentence. Therefore, he need not show cause and prejudice to collaterally attack the illegally

enhanced portion of the sentence because jurisdictional claims cannot be procedurally defaulted. Harris, 149 F.3d at 1308-1309; Kelly, 29 F.3d at 1112-1114; U.S. v. Broadwell, 953 F.2d 242 ( 9th cir. 1992).

## CONCLUSION

For the above reasons and Constitutional and Supreme Court authorities, the Court should vacate the unconstitutional portion of Petitioner's sentence which is 29 months, leaving 9 months constitutionally limited by the facts and/or offense found beyond a reasonable doubt by a jury or admitted in open court by Petitioner.

Pursuant to 28 U.S.C. §1746, I declare that I file this motion in good faith, and that I believe that I am entitled to the relief requested. Further, I declare that the foregoing is true and correct.

Executed on ___February, 5___, 2005

Respectfully submitted,

*Alfredo Montes* (signature)
Alfredo Cervantes Montes
Pro se Petitioner
# 13152-026
P.O. Box 6000
Florence, CO 81226-6000

16